# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-02-00767-CR

**Neal Fredrick Rudnick, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. 1011348, HONORABLE STANTON B. PEMBERTON, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant Neal Fredrick Rudnick pleaded guilty to five counts of intoxication assault. Tex. Pen. Code Ann. § 49.07 (West 2003). The court adjudged him guilty and imposed concurrent ten-year sentences for each count. On appeal, Rudnick contends the court improperly found that he used a deadly weapon in the commission of the offenses, that his guilty plea was not knowingly made, and that the punishment reflects prosecutorial vindictiveness. We will overrule these contentions and affirm the convictions.

Rudnick, who was intoxicated at the time, lost control of his truck while driving on Interstate 35. At least five persons suffered serious bodily injuries in the resulting multi-vehicle collision. A grand jury returned a ten-count indictment against Rudnick. Counts one through five alleged intoxication assault (one count for each person injured). *Id*. § 49.07(a)(1). After count five, under the heading "Deadly Weapon Notice," the indictment alleged that Rudnick "used and

exhibited a deadly weapon, to-wit: a motor vehicle . . . during the commission of and immediate flight from said offenses." Counts six through ten then followed, in which it was alleged that appellant assaulted the five complainants with a deadly weapon, "to wit: a motor vehicle." *Id*. § 22.02(a)(2) (West 2003).

On July 15, 2002, Rudnick was arraigned and entered pleas of guilty to all ten counts. He was admonished as to the range of punishment attached to the offenses, and he acknowledged his understanding that no plea bargain existed and that the court could assess any punishment provided by law. He judicially confessed that he had read and understood the indictment, and that he was guilty of "each and every allegation it contains." The case was then reset for sentencing.

Rudnick returned to court on August 29, 2002, before a different judge. There was some confusion on the part of the court and the attorneys as to whether Rudnick had pleaded guilty to counts six through ten. After a recess, the State announced that it was proceeding only on counts one through five. The witnesses were then sworn and the prosecutor made his opening statement. He told the court that the victims, "out of the compassion of their heart[s]," wanted Rudnick "placed on a lengthy probation but also to receive some type of shock incarceration. That's what we will be asking you to do, to follow the desires of the victims' heart[s] in this case." The court then heard testimony from two of the complainants and from Rudnick. In his closing remarks, the prosecutor said that after hearing the testimony, he believed that Rudnick should be sentenced to prison despite the compassionate feelings of the complainants. He added, "I don't think it would be just for him to just be placed on community supervision with some incarceration." Defense counsel argued for community supervision. The court adjudged Rudnick guilty on counts one through five, imposed

2

concurrent ten-year sentences, and affirmatively found that a deadly weapon was used during the commission of the offenses.

In his first point of error, Rudnick contends the deadly weapon finding was improper because counts one through five did not allege the use of a deadly weapon. Use of a deadly weapon was not alleged in these counts because it is not an element of the offense of intoxication assault. *Id*. § 49.07(a). For the purpose of an affirmative finding under article 42.12, it was only necessary that Rudnick be given some form of written notice that a deadly weapon finding would be sought by the State. *Luken v. State*, 780 S.W.2d 264, 266-67 (Tex. Crim. App. 1989); *see* Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (West Supp. 2003). In this cause, such notice was provided by the indictment's "Deadly Weapon Notice" quoted above, which clearly referenced counts one through five.

Rudnick also argues under this point that "Texas Rule of Evidence 410 prohibits the use of evidence where a plea of guilty was withdrawn." We understand this to mean that the court could not base a deadly weapon finding on Rudnick's plea of guilty to counts six through ten. The record reflects, however, that the court below did not know that Rudnick pleaded guilty to those counts. Those guilty pleas were not introduced in evidence. The record shows that the affirmative finding was based on the complainants' testimony describing appellant's conduct and the resulting collision. Point of error one is overruled.

In point of error two, Rudnick urges that his guilty plea was not knowingly made and should be set aside because he "did not appreciate that he could not be eligible for probation." He relies on the opinion in *Ex parte Austin*, 746 S.W.2d 226 (Tex. Crim. App. 1988). In that case, the

3

defendant pleaded guilty to attempted murder pursuant to a plea bargain under which he was to be granted shock probation. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 6 (West Supp. 2003).[1] Because the judgment contained an affirmative finding that the defendant used a deadly weapon, however, it was determined that he was not eligible for shock probation. *Austin*, 746 S.W.2d at 229. Because the State's part of the plea bargain could not be performed, the appellate court ordered the conviction set aside and remanded the cause for a new trial. *Id.* at 229-30.

The cause before us is distinguishable from *Austin* because there was no plea bargain below. The record clearly reflects that Rudnick knowingly and voluntarily pleaded guilty without an agreed punishment recommendation.[2] Moreover, he stated in writing that he understood the indictment, which contained the deadly weapon notice, and confessed that he was guilty of every allegation it contained. The prosecutor's remarks regarding the complainants' preferences with respect to punishment were made after the guilty pleas were entered and did not reflect any formal agreement between Rudnick and the State. There is no evidence in this record that eligibility for shock probation formed an essential part of any plea agreement. *See Ex parte Moussazadeh*, 64 S.W.3d 404, 411-12 (Tex. Crim. App. 2001). Point of error two is overruled.

Rudnick's last point of error reads, "The State's position of an increase in sentencing from shock probation to requesting 10 years incarceration is prosecutorial vindictiveness." He cites *Blackledge v. Perry*, 417 U.S. 21, 27-28 (1974), in which it was held that due process is violated if

---

[1] Article 42.12 has been amended since *Austin* was written, but the provisions relating to shock probation are substantially the same today.

[2] The judgments recite that there was a plea bargain calling for ten years imprisonment. This is not correct and the judgments will be modified to omit this recitation.

4

a prosecutor substitutes more serious charges on retrial in retaliation for the defendant's successful exercise of his right of appeal. *See also North Carolina v. Pearce*, 395 U.S. 711, 724-25 (1969); *Lopez v. State*, 928 S.W.2d 528, 532-33 (Tex. Crim. App. 1996). The instant cause does not involve a retrial following a successful appeal. Appellant does not suggest the reason for the prosecutor's alleged vindictiveness. We find no basis in the record for concluding that the prosecutor's request for "a term of incarceration" was, even potentially, a vindictive or retaliatory act. Point of error three is overruled.

There are five judgments of conviction, one for each count. The judgments are modified to delete the statement that there was a plea bargain. As modified, the judgments are affirmed.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Modified and, as Modified, Affirmed

Filed:   August 29, 2003

Do Not Publish

5